## C. H. REINHARDT V. THE STATE.

No. 15401. Delivered December 7, 1932.
Reported in 55 S. W. (2d) 101.

The opinion states the case.

*J. J. Collins* and *R. W. Fairchild,* both of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment, confinement in the penitentiary for two years.

We quote the charging part of the indictment, as follows: "C. H. Reinhardt on or about the 10th day of November A. D. One Thousand Nine Hundred and Twenty Eight and anterior to the presentment of this indictment, in the County of Polk and State of Texas, did then and there unlawfully and when he was then and there the agent and employe of the copartnership known as Josey and Adams, composed of John Josey and S. F. Adams and the said C. R. Reinhardt did then and there fraudulently embezzle, misapply, and convert to his own use, without the consent of the said Josey and Adams, or either of them, 2442 pounds of seed cotton of said Josey and Adams, to-wit, 2442 pounds of seed cotton of the value of One Hundred Forty Six and 52/100 dollars which said property had come into the possession and was under the care of the said C. H. Reinhardt by virtue of his said agency and employment."

Appellant predicated a motion to quash the indictment upon the ground that it was averred that he (appellant) was a member of the copartnership known as Josey and Adams; his position being that that part of the indictment reading, "composed of John Josey and S. F. Adams and the said C. H. Reinhardt," constitutes an allegation that the three parties named composed the copartnership. It is observed that immediately following the words "the said C. H. Reinhardt," the indictment reads, "did then and there fraudulently embezzle," etc. We think it is manifest that it is not charged that appellant was a member of the copartnership. The opinion is expressed that the motion to quash was properly overruled.

The transaction alleged in the indictment was positively identified in the evidence. Appellant was the manager of a gin owned by John Josey and S. F. Adams. He had authority to

buy seed cotton, issue receipts, and handle funds of the business. On November 10, 1928, appellant ginned two bales of cotton in his own name. The bales were numbered 725 and 729. The seed cotton going into these bales aggregated 2,442 pounds and was of the value of $146.52. Appellant sold these two bales of cotton on the following day to J. W. Cobb. A witness for the state testified that the seed cotton making up the bales belonged to the partnership of Josey and Adams. Appellant's brother testified that the cotton belonged to appellant, having been raised by appellant on his father's land. He testified further that he hauled the cotton to the gin for appellant, saw it ginned and thereafter carried the two bales of cotton to Mr. Cobb's place, where it was sold. Mr. Cobb testified that this witness in fact delivered the cotton to him. Appellant's brother said, further, that appellant raised five and one-half bales of cotton, but gave his father two and one-half bales for rent, keeping for himself three bales. Appellant did not testify.

In addition to the testimony relative to the cotton charged in the indictment to have been embezzled by appellant, it was shown by the state that more than two hundred dollars' worth of seed cotton had been bought by appellant with funds belonging to Josey and Adams, and that the firm had never received any credit for cotton ginned at the gin that year. Several employees of the gin had authority to issue checks and buy seed cotton. On certain occasions extra men were employed. The record appears to be silent as to whether there was any seed cotton on hand at the time appellant's employment ceased. J. P. Chadwick, who worked at the gin, and who had authority to issue checks, testified for the state that during the time appellant worked at the gin he did not see appellant gin any cotton that belonged to Josey and Adams, except that which went into the bales Nos. 725 and 729, the two bales sold by appellant to Mr. Cobb. The gin frequently sold seed cotton to farmers.

If the testimony relative to bales 725 and 729 should be eliminated, the evidence would be insufficient to support the conviction. Hence the court erred in declining to instruct the jury to acquit appellant if they believed the two bales of cotton sold to J. W. Cobb was the property of appellant. Timely and proper objection to the charge, calling attention to the defect mentioned, was interposed by appellant. Also appellant presented a requested instruction covering the subject. As heretofore pointed out, the transaction alleged in the indictment was positively identified in the evidence. The evidence, how-

ever, was sharply conflicting, as above shown, upon the issue as to whether the two bales of cotton numbered 725 and 729 belonged to Josey and Adams or to appellant. Manifestly, under the circumstances, the court was in error in declining to submit affirmatively the question as to whether said cotton belonged to appellant. Katz v. State, 92 Texas Crim. Rep., 629, 245 S. W., 242.

The testimony shown in bill of exception No. 5, relating to a separate and distinct offense, should not be admitted upon another trial. No conditions are present warranting its reception. It sheds no light upon any issue in the case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.